```
JOHN E. HILL  (NO. 45338)
LAW OFFICES OF JOHN E. HILL
A PROFESSIONAL CORPORATION
8105 Edgewater Drive, Suite 100
Oakland, CA 94621
Telephone: 510-588-1000
Facsimile: 510-729-6333

Attorneys for Plaintiffs
FRANK CISNEROS; BEATRICE CISNEROS;
and KASI CISNEROS
```

FILED
ALAMEDA COUNTY
APR 17 2007
CLERK OF THE SUPERIOR COURT
By _____ Deputy

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ALAMEDA

UNLIMITED JURISDICTION

FRANK CISNEROS;
BEATRICE CISNEROS;
KASI CISNEROS;

        Plaintiffs;

vs.

SERGEANT T. CURTIN;
DETECTIVE G. PON;
OFFICER J. LUNA;
OFFICER K. DEBLASI;
OFFICER J. LOUIS;
OFFICER F. R. ONCIANO;
and DOES 1 through 50,

        Defendants.

NO. RG07321085

COMPLAINT FOR DAMAGES

(Violation of Civil Rights;:
  Loss of Consortium;
  Contemporaneous Experience of Injury)

**FIRST CAUSE OF ACTION**

AS AND FOR A FIRST CAUSE OF ACTION FOR VIOLATION OF CIVIL RIGHTS AGAINST ALL DEFENDANTS, PLAINTIFFS ALLEGE:

    1.    Plaintiffs FRANK CISNEROS, BEATRICE CISNEROS, and KASI CISNEROS are, and at all times mentioned in this Complaint were, residents of the County of Alameda, State of California.

2.   Defendants DOES 1 through and including 50 are sued in this Complaint under Code of Civil Procedure Section 474. The true names or capacities, whether individual, corporate, governmental, partnership, associate or otherwise, of these defendants are unknown to plaintiff who, therefore, sues these defendants by fictitious names. Plaintiff will amend this Complaint to show their true names and capacities when they have been ascertained. Plaintiff is informed and believes, and on that basis alleges, that each of the defendants designated as a DOE is negligently responsible for the events and happenings referred to in this Complaint, and thereby, caused injuries and damages to the plaintiffs.

3.   Plaintiffs are informed and believe, and on that basis allege, that defendants SERGEANT T. CURTIN, DETECTIVE G. PON, OFFICER J. LUNA, OFFICER K. DEBLASI, OFFICER J. LOUIS and OFFICER F. R. ONCIANO are, and at all times mentioned in this Complaint were, police officers employed by the CITY OF BERKELEY and were residents of the State of California.

4.   Each and every reference in this Complaint to "defendants" shall be deemed to refer to each and all defendants unless a specific defendant is named or the context otherwise requires.

5.   Plaintiffs are informed and believe, and on that basis allege, that at all times referred to in this Complaint each defendant was the agent and/or employee of each other defendant and was acting in the course and scope of that agency and/or employment.

6   Plaintiffs are informed and believe, and on that basis allege, that at all times relevant to this Complaint the City of Berkeley operated, controlled and maintained a police force, commonly known as the Berkeley Police Department.

2   Complaint for Damages

7. On April 20, 2005, plaintiffs resided at 23358 Jorgensen Lane in the City of Hayward, County of Alameda, State of California.

8. On April 20, 2005, members of the Berkeley Police Department, including defendants SERGEANT T. CURTIN, DETECTIVE G. PON, OFFICER J. LUNA, OFFICER K. DEBLASI, OFFICER J. LOUIS and OFFICER F. R. ONCIANO, came on to plaintiffs' property, allegedly while in attempting to locate a suspect who in fact did not reside at the residence located at 23358 Jorgensen Lane, Hayward, California, and who was not present at plaintiff's residence on that date.

9. Plaintiffs KASI CISNEROS and BEATRICE CISNEROS were lawfully at their residence at the time members of the Berkeley Police Department came on to plaintiff's property on April 20, 2005.

10. A dog owned by plaintiffs, named Rocky, was also in the 23358 Jorgensen Lane, Hayward, California, residence at the time members of the Berkeley Police Department, including defendants SERGEANT T. CURTIN, DETECTIVE G. PON, OFFICER J. LUNA, OFFICER K. DEBLASI, OFFICER J. LOUIS and OFFICER F. R. ONCIANO, came on to plaintiffs' property.

11. Plaintiffs are informed and believe, and on that basis allege, that members of the Berkeley Police Department, including defendants SERGEANT T. CURTIN, DETECTIVE G. PON, OFFICER J. LUNA, OFFICER K. DEBLASI, OFFICER J. LOUIS and OFFICER F. R. ONCIANO, were aware of the fact that Rocky resided at the 23358 Jorgensen Lane, Hayward, California, premises prior to their arrival.

3   Complaint for Damages

12. Plaintiffs are informed and believe, and on that basis allege, that no exigent circumstances existed for the attempted execution of the search warrant by defendants, including defendants SERGEANT T. CURTIN, DETECTIVE G. PON, OFFICER J. LUNA, OFFICER K. DEBLASI, OFFICER J. LOUIS and OFFICER F. R. ONCIANO, and other officers and agents of the Berkeley Police Department. Despite that, defendants, including defendants SERGEANT T. CURTIN, DETECTIVE G. PON, OFFICER J. LUNA, OFFICER K. DEBLASI, OFFICER J. LOUIS AND OFFICER F. R. ONCIANO, and other officers and agents of the Berkeley Police Department came on to the property in an attempt to execute the search warrant without knowing the exact whereabouts of the dog, Rocky, and without having developed a realistic plan for controlling the dog.

13. When defendants, including defendants SERGEANT T. CURTIN, DETECTIVE G. PON, OFFICER J. LUNA, OFFICER K. DEBLASI, OFFICER J. LOUIS AND OFFICER F. R. ONCIANO, and other employees and agents of the Berkeley Police Department came on to plaintiffs' property on April 20, 2005, their conduct constituted unreasonable conduct in the execution of a search warrant, subjecting plaintiffs to an unreasonable search and seizure in that, among other actions, 1) defendants, including defendants SERGEANT T. CURTIN, DETECTIVE G. PON, OFFICER J. LUNA, OFFICER K. DEBLASI, OFFICER J. LOUIS AND OFFICER F. R. ONCIANO, and other employees and agents of the Berkeley Police Department, discharged a fire arm in close proximity to plaintiffs KASI CISNEROS and BEATRICE CISNEROS without provocation, 2) defendants, including defendants SERGEANT T. CURTIN, DETECTIVE G. PON, OFFICER J. LUNA, OFFICER K. DEBLASI, OFFICER J. LOUIS AND OFFICER F. R. ONCIANO, and other employees and agents of the Berkeley Police Department shot and killed plaintiff's dog, Rocky, without provocation, 3) defendants, including defendants SERGEANT T. CURTIN, DETECTIVE G. PON, OFFICER J. LUNA, OFFICER K. DEBLASI, OFFICER J. LOUIS AND OFFICER F. R.

4   Complaint for Damages

ONCIANO, and other employees and agents of the Berkeley Police Department forced plaintiffs to the ground and verbally and physically threatened plaintiffs and 4) defendants, including defendants SERGEANT T. CURTIN, DETECTIVE G. PON, OFFICER J. LUNA, OFFICER K. DEBLASI, OFFICER J. LOUIS AND OFFICER F. R. ONCIANO, and other employees and agents of the Berkeley Police Department, entered the property and conducted the search and seizure without probable cause.

14. The conduct of defendants, including defendants SERGEANT T. CURTIN, DETECTIVE G. PON, OFFICER J. LUNA, OFFICER K. DEBLASI, OFFICER J. LOUIS AND OFFICER F. R. ONCIANO, and other employees and agents of the Berkeley Police Department was undertaken and completed under color of law and was a substantial factor in causing harm to each plaintiff. Defendants' conduct caused each plaintiff to suffer the serious and permanent injuries set out elsewhere in this complaint.

15. As a direct and proximate result of defendants' conduct, plaintiff KASI CISNEROS suffered personal injuries, including shock, mental anguish, mental and physical pain and suffering, and other injuries, all to her general damage in an amount in excess of the jurisdictional requirements of this Court.

16. As a direct and proximate result of defendants' conduct, plaintiff BEATRICE CISNEROS suffered personal injuries, including shock, mental anguish, mental and physical pain and suffering, and other injuries, all to her general damage in an amount in excess of the jurisdictional requirements of this Court.

//
//
//

17. As a direct and proximate result of defendants' conduct, plaintiff FRANK CISNEROS suffered personal injuries, including shock, mental anguish, mental and physical pain and suffering, and other injuries, all to his general damage in an amount in excess of the jurisdictional requirements of this Court.

18. As a further direct and proximate result of defendants' conduct, each plaintiff was required to and did employ physicians and surgeons to examine, treat and care for each plaintiff and did incur medical and related expenses in a presently unascertained amount. Plaintiffs are informed and believe, and on that basis allege, that each plaintiff may be required to incur additional medical and related expenses in the future in a presently unascertained amount. Plaintiffs will amend this Complaint to insert the amount of each plaintiff's medical and related expenses when that amount has been ascertained.

19. As a further direct and proximate result of defendants' conduct, plaintiffs suffered damage to their home and the loss of their dog, Rocky.

20. As a further direct and proximate result of defendants' conduct, and in addition to other allowable damages, plaintiffs seek to recover reasonable attorneys fees, as allowed by law.

**SECOND CAUSE OF ACTION**

AS AND FOR A SECOND CAUSE OF ACTION FOR LOSS OF CONSORTIUM AGAINST ALL DEFENDANTS, PLAINTIFF FRANK CISNEROS ALLEGES:

//
//

6                    Complaint for Damages

21. Plaintiff FRANK CISNEROS incorporates Paragraphs 1 through and including 20 of this Complaint into this Second Cause of Action.

22. Plaintiffs FRANK CISNEROS is, and at all times relevant to this Complaint has been, the spouse of plaintiff KASI CISNEROS.

23. As a direct and proximate result of the conduct of the defendants in bringing about the injuries suffered by plaintiff KASI CISNEROS. plaintiff FRANK CISNEROS has suffered interference with his marital relationship with plaintiff KASI CISNEROS, all to his damage in an amount in excess of the jurisdictional requirements of this Court.

**THIRD CAUSE OF ACTION**

**AS AND FOR A THIRD CAUSE OF ACTION FOR CONTEMPORANEOUS EXPERIENCE OF INJURY TO A CLOSE FAMILY MEMBER AGAINST ALL DEFENDANTS, PLAINTIFF KASI CISNEROS ALLEGES:**

24. Plaintiff KASI CISNEROS incorporates paragraphs 1 through and including 23 of this Complaint into this Third Cause of Action.

25. Plaintiff KASI CISNEROS was present at plaintiff's residence along with plaintiff BEATRICE CISNEROS and other close family members at the time of the incident giving rise to this complaint. Plaintiffs KASI CISNEROS is the daughter in-law of plaintiff BEATRICE CISNEROS.

//
//

26. Plaintiff KASI CISNEROS observed the injuries to plaintiff BEATRICE CISNEROS and other close family members as they were inflicted in the incident giving rise to this action.

27. As a result of the contemporaneous experience of the injuries to her mother in-law and other close family members, plaintiff KASI CISNEROS has suffered physical and mental pain and suffering, shock, and other injuries, all to her damage in an amount in excess of the jurisdictional requirements of this Court.

## FOURTH CAUSE OF ACTION

**AS AND FOR A FOURTH CAUSE OF ACTION FOR CONTEMPORANEOUS EXPERIENCE OF INJURY TO A CLOSE FAMILY MEMBER AGAINST ALL DEFENDANTS, PLAINTIFF BEATRICE CISNEROS ALLEGES:**

28. Plaintiff BEATRICE CISNEROS incorporates paragraphs 1 through and including 27 of this Complaint into this Fourth Cause of Action.

29. Plaintiff BEATRICE CISNEROS was present at plaintiff's residence along with plaintiff KASI CISNEROS and other close family members at the time of the incident giving rise to this complaint. Plaintiff BEATRICE CISNEROS is the mother in-law of plaintiff KASI CISNEROS.

30. Plaintiff BEATRICE CISNEROS observed the injuries to plaintiff KASI CISNEROS and other close family members as they were inflicted in the incident giving rise to this action.

31. As a result of the contemporaneous experience of the injuries to her daughter-in-law and other close family members, plaintiff BEATRICE CISNEROS has suffered physical and mental pain and suffering, shock, and other injuries, all to her damage in an amount in excess of the jurisdictional requirements of this Court.

WHEREFORE, plaintiffs pray for judgment against the defendants, and each of them, as follows:

1. General damages according to proof;
2. Special damages according to proof;
3. Interest at the legal rate;
4. Reasonable attorneys fees as allowed by law;
5. Costs of suit; and
6. Such other and further relief as this Court deems just and proper.

DATED: 4/13/07

LAW OFFICES OF JOHN E. HILL
A PROFESSIONAL CORPORATION

By: _____
JOHN E. HILL
Attorneys for Plaintiffs