MANUELA ALBUQUERQUE, CITY ATTORNEY (SBN 67464)
MATTHEW J. OREBIC, DEPUTY CITY ATTORNEY (SBN 124491)
E-mail:  MOrebic@ci.berkeley.ca.us
BERKELEY CITY ATTORNEY'S OFFICE
2180 Milvia Street, Fourth Floor
Berkeley, CA 94704
Phone: (510) 981-6950
Fax: (510) 981-6960

Attorneys for Defendants SGT. T. CURTIN,
OFFICER G. PON, OFFICER J. LUNA,
OFFICER K. DEBLASI, SGT. J. LOUIS,
AND OFFICER F. ONCIANO

John E. Hill (SBN 45338)
LAW OFFICES OF JOHN E. HILL
E-mail: johnhill@hill-law-offices.com
8105 Edgewater Drive, Suite 100
Oakland, CA 94621
Phone: (510) 588-1000
Fax:  (510) 588-1087

Attorneys for Plaintiffs FRANK CISNEROS,
BEATRICE CISNEROS, AND KASI CISNEROS

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### (SAN FRANCISCO DIVISION)

| | |
|---|---|
| **FRANK CISNEROS, BEATRICE CISNEROS, and KASI CISNEROS,**<br><br>Plaintiffs,<br>*v.*<br><br>**SGT. T. CURTIN, DET. G. PON, OFFICER J. LUNA, OFFICER K. DEBLASI, OFFICER J. LOUIS, OFFICER R. ONCIANO, and DOES 1 through 50**,<br><br>Defendants. | Case No.  C 07-02788 (JCS)<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>DATE:  August 31, 2007<br>TIME:  1:30 p.m.<br>DEPT:  Ctrm. A, 15th Floor |

The parties hereby submit their Joint Case Management Statement.

**Jurisdiction and Service:**

Defendants Sgt. Curtin, Officer Pon, Office Luna, Officer DeBlasi, and Sgt. Louis, removed this case from state court to this court on May 29, 2007. At that time, the sole remaining defendant, former Officer Onciano, had not yet been served. All defendants have now appeared, including Officer Onciano.

**Facts:**

a.     Plaintiffs' Statement Of Facts

On April 20, 2005, at approximately 9:00 am., Kasi L. Cisneros was preparing to leave her home located at 23358 Jorgensen Lane, Hayward, California, to go to work. At that same time police officers from the City of Berkeley arrived outside the Cisneros residence, apparently intending to attempt to serve a search warrant upon an individual who in fact did not reside at that residence. Co-Plaintiff Beatrice A. Cisneros was present when the events described below occurred.

Kasi L. Cisneros was the owner of a dog named Rocky, who resided with Kasi Cisneros at the 23358 Jorgensen Lane, Hayward, California, property. The front door to the residence was opened, and Kasi Cisneros prepared to leave the residence. Upon seeing the Berkeley police in the area, Kasi Cisneros grabbed Rocky by the collar and began to pull Rocky away from the area where the officers were located. At that point in time a police officer fired two shots, striking Rocky, who was being held by Kasi Cisneros. Plaintiffs believe that the Berkeley Police Officer who shot Rocky was Sergeant T. Curtin. Rocky subsequently died from the two gun shot wounds.

Plaintiffs believe that Sergeant Curtin fired two shots from his gun in close proximity to Kasi Cisneros, placing plaintiffs Kasi Cisneros and Beatrice A. Cisneros in fear for their life and safety and for the life and safety of others who were present. Plaintiffs believe that Sergeant Curtin in particular, and other Berkeley Police Department officers on the scene on the morning of April 20, 2005, acted without provocation or necessity. The conduct of Sergeant Curtin and the other officers of the Berkeley Police Department constituted an assault upon

plaintiffs, and caused plaintiffs to experience emotional distress as a result of their intentional conduct and their negligent conduct. Sergeant Curtin and the other officers of the Berkeley Police Department, acting under color of law, deprived plaintiffs of plaintiffs' civil rights as guaranteed by the United States Constitution, the California Constitution, and federal and state laws and case authority.

Plaintiffs believe that Sergeant Curtin and the other officers of the Berkeley Police Department who participated in the actions of the Berkeley Police Department on the morning of April 20, 2005, may have been improperly trained and/or supervised by the Berkeley Police Department in how to carry out the activities they were carrying out that morning, how to deal with persons and/or animals they might come into contact with in carry out such activities, and in the use of weapons in such circumstances, and that these failures caused or contributed to the events which occurred on April 20, 2005. Co-Plaintiff Frank Cisneros was not present at the time the incident occurred however, he is pursuing a Loss of Consortium Claim as he was lawfully married to Co-Plaintiff Kasi Cisneros.

b. Defendants' Statement Of Facts

On April 3, 2005, vandals used spray paint, ink, and an acidic solution to deface over 70 locations along public and private property in the College Avenue business district in Berkeley and north Oakland. In the same period, consistent style graffiti vandalism was committed along upper Grand Avenue in Oakland. A predominant graffiti "tag" used in this large-scale vandalism was "BELY." On April 4, 2005, the City of Alameda business district at Park Street and Alameda Avenue was hit with more spray paint vandalism tags of BELY. On April 5, 2005, another 30 to 40 defacements of public and private property with spray paint and markers was committed in Berkeley in the Telegraph Avenue and Shattuck Avenue business districts and adjacent neighborhoods. Again, a dominant tag was BELY.

Previous police investigations and information identified the BELY tag as the moniker used by Matthew Cisneros of 23358 Jorgensen Lane in Hayward. Two years earlier, Matthew Cisneros had been convicted for misdemeanor vandalism using the tag BELY. Convicted with

him was an associate, Andrew Lopez, who used the tag "BLOAT." Both Matthew Cisneros and Andrew Lopez are suspected to have ties to the Norteno street gang.

Shortly after the April 5 incident, a Berkeley police officer drove by 23358 Jorgensen Lane in Hayward, a reported Norteno gang area. There, the officer saw a pit bull tethered to the front porch and a brown roll-out refuse container in the front yard with the same BELY tag painted on the side of it. The color and nature of the paint used (dripping green) and hand style of the BELY tag was consistent with the graffiti vandalism committed in Berkeley, Oakland, and Alameda during the first days of April 2005.

On April 13, 2005, the Berkeley police obtained a search warrant for 23358 Jorgensen Lane to search for evidence of graffiti vandalism associated with defacements in the above incidents, including among other things, the BELY tag. Due to the pit bull seen tied to the front porch during the drive-by surveillance, planning for the warrant service included address-ing the safety threat posed by the dog. If the pit bull was in front of the house, the plan for the warrant service was to telephone the occupants inside the residence and ask them to come out and secure the animal. If no one answered the phone or if no one came out, the plan was to secure the pit bull with a specialized stand-off pole equipped with a capture noose. If the pit bull was not visible in front of the house, the plan was to contact an occupant at the front door and ask that person to secure the pit bull. On the day of the warrant service, Hayward Animal Control was also asked to be immediately available to assist in the event of an incident with the pit bull.

On the morning of April 20, 2005, as the defendant officers approached 23358 Jorgen-sen Lane to serve the warrant, the pit bull was not visible. Accordingly, Sgt. Curtin, with several other officers in a line behind him, walked toward the front porch to knock and announce the officers' presence and purpose. Just as the officers reached the front porch, plaintiff Kasi Cisneros opened the door. An officer behind Sgt. Curtin immediately announced, "Police, Search Warrant, Get Down!" Sgt. Curtin then took a step forward to contact the woman regarding the pit bull. However, as Kasi Cisneros screamed at the officer's sudden

announcement and backed away from the open threshold, the unsecured pit bull came charging out through the doorway barking and snarling. Several officers yelled words to the effect of "secure the dog" or "control the dog" and Sgt. Curtin, who was closest, stepped back away from the charging dog. The dog paused for a split second, but then it continued to charge right at Sgt. Curtin. When the dog was within two feet of Sgt. Curtin, he fired downward twice at the pit bull. The dog immediately stopped its attack and ran into the house. Kasi Cisneros was inside the house, away from the threshold when the shooting occurred.

Shortly after the incident at the front door, the officers entered the house, secured the scene, and the City of Hayward Animal Control officer was called in. With the help of a Berkeley officer, the Hayward Animal Control officer took control of the dog and transported it to a veterinary hospital where it later expired.

Inside, the officers saw a framed picture on the living room wall with the BELY tag on it. The BELY tag was also present on an eraser board in the kitchen and on the wall in the laundry room. (The BLOAT tag, used by Matthew Cisneros' associate, Andrew Lopez, was also present on the laundry room door.) As the officers attempted to identify the occupants, Matthew Cisneros was able to pass himself off as his brother, Damon Cisneros, and was allowed to leave the premises with his son. (In a subsequent police contact, Matthew Cisneros admitted to falsely identifying himself as Damon Cisneros during the warrant service.) Cisneros family members interviewed during the course of the warrant service also provided false information regarding Matthew Cisneros' presence in California - all said he had left for a sister's home in Colorado - though he was present at the time of the warrant service.

The officers seized and/or photographed evidence of the felony vandalism, including the BELY tags. A .357 revolver and ammunition were found in the room believed to have been occupied by Matthew Cisneros and/or one of his brothers. The search was completed in about one hour.

**Legal Issues:**

Whether Sgt. Curtin used lawful force in shooting the dog.

Whether the officers conducted a lawful search.

Whether the officers are entitled to qualified immunity.

Whether plaintiffs' state law claims are barred by the applicable statute of limitations.

Whether plaintiffs' state law claims are barred by Government Code immunities,

including but not limited to Government Code section 821.6

**Motions:**

There are no pending motions, but defendants intend to move for summary judgment.

**Amendment of Pleadings:** Plaintiffs will request defendants stipulate to the filing of an amended complaint effectively consolidating this action with the earlier filed Alameda County Superior Court Action No. RG 07 321085, *Kasi, Beatrice, and Frank Cisneros v. City of Berkeley*.

**Evidence Preservation:**

Defendant's represent none has been destroyed subsequent to the filing of the suit.

**Disclosures:**

Disclosures have effectively been made pursuant to ongoing discovery in the tandem state court case.  See Section 8 re: Discovery.

**Discovery:**

There has been no discovery in this case yet.   The Federal Rules of Civil Procedure and the Local Rules governing discovery are adequate.

In the tandem state court case, there has been document discovery, interrogatories, and third party subpoenas for veterinary and medical records.  Plaintiffs Kasi and Beatrice Cisneros have signed authorizations for counsel to obtain their mental health records, which defendant City of Berkeley recently subpoenaed in the state case.  Also in the state case, defendant City of Berkeley has formally noticed a scene inspection for September 18, 2007, and expects to take plaintiff's depositions thereafter.

JOINT CASE MANAGEMENT STATEMENT ~ Case No. C07-02788 JCS

**Class Actions:**

N/A.

**Related Cases:**

Alameda County Superior Court Action No. RG 07 321085, *Kasi, Beatrice, and Frank Cisneros v. City of Berkeley*.

**Relief:**

Plaintiffs seek general damages and special damages for lost earnings and medical expenses.

**Settlement and ADR:**

None to date.

**Consent to Magistrate Judge For All Purposes:**

All parties have consented.

**Other References:**

None suitable.

**Narrowing of Issues:**

Plaintiffs believe that San Jose Charter of the Hells Angels Motorcycle Club v. City of San Jose 402 F.3d 962 (2005) which holds defendant was required to consider less than deadly force on an animal known to be present on the premises where the search warrant was issued precludes summary judgment. Defendants disagree.

**Expedited Schedule:**

Defendants plan to move for summary judgment by December 2007.

**Scheduling:**

Defendants suggest re-visiting scheduling issues after their summary judgment motion is adjudicated.

**Trial:**

If a trial is necessary, the parties estimate 7 days. Plaintiffs request a jury. Witnesses will include the nine parties, other persons present during the search, police procedure

**7**

1  expert(s), ballistics expert(s), possibly an expert on pit bulls, and possibly plaintiffs' mental

2  health care providers and defense expert(s) on mental health.  There will likely be less than 50

3  exhibits.

4  **Disclosure of Non-Party Interested Entities or Persons:**

5  None, other than the City of Berkeley, the defendant officers' employer at the time of

6  the incident.

7  **Other**

8  None.

9  **Additional Items Listed In US Magistrate Judge Spero's Standing Order:**

10  **Item K:**    Special Discovery Problems

11  Plaintiffs Kasi and Frank Cisneros have disclosed felony convictions for "welfare

12  overpayments," but have not disclosed sufficient information as to the case number or the

13  specific crime of which they were convicted.  Defendants would like this information

14  disclosed.

15  Plaintiffs Kasi and Beatrice Cisneros are claiming emotional distress damages requiring

16  the services of mental health providers.  Accordingly, defendants would like Kasi and Beatrice

17  Cisneros to stipulate to an interview examination by a psychiatrist and to undergo written tests

18  by a psychologist to evaluate the genuineness and underlying cause of their damage claims.

19

20

21  **Item Q:**    Service List:

22         John E. Hill, Esq.                         (Attorneys for Plaintiffs)
         Email: *johnhill@hill-law-offices.com*

23         Law Offices of John E. Hill
         8105 Edgewater Drive, Suite 100

24         Oakland, CA 94621
         Tel:  (510) 588-1000; Fax:  (510) 588-1087

25

26

27

28

JOINT CASE MANAGEMENT STATEMENT ~ Case No. C07-02788 JCS

1    Manuela Albuquerque, City Attorney        (Attorneys for Defendants)
      Matthew J. Orebic, Deputy City Attorney
2    BERKELEY CITY ATTORNEY'S OFFICE
      E-mail: *MOrebic@ci.berkeley.ca.us*
3    2180 Milvia Street, Fourth Floor
      Berkeley, CA 94704
4    Tel: (510) 981-6950; Fax: (510) 981-6960

5                                        RESPECTFULLY SUBMITTED,

6                                        MANUELA ALBUQUERQUE, CITY ATTORNEY
7                                        MATTHEW J. OREBIC, DEPUTY CITY ATTORNEY

8

9    Dated: _____    By_____/s/_____

10                                       Matthew J. Orebic
                                         Attorney for Defendants SGT. T. CURTIN,
11                                       OFFICER G. PON, OFFICER J. LUNA, OFFICER K.
                                         DEBLASI, OFFICER F. ONCIANO, AND SGT. J. LOUIS
12

13

14                                       LAW OFFICES OF JOHN E. HILL

15    Dated: _____    By_____/s/_____

16                                       John E. Hill
                                         Counsel for Plaintiffs FRANK CISNEROS,
                                         BEATRICE CISNEROS, AND KASI CISNEROS
17

18

19

20

21

22

23

24

25

26

27

28