```
1  JOHN E. HILL  (NO. 45338)
   LAW OFFICES OF JOHN E. HILL
2  A PROFESSIONAL CORPORATION
   8105 Edgewater Drive, Suite 100
3  Oakland, CA 94621
   Telephone: 510-588-1000
4  Facsimile: 510-729-6333

5  Attorneys for Plaintiffs
   FRANK CISNEROS; BEATRICE CISNEROS;
6  and KASI CISNEROS
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FRANK CISNEROS;<br>BEATRICE CISNEROS;<br>KASI CISNEROS;<br><br>Plaintiffs;<br><br>vs.<br><br>SERGEANT T. CURTIN;<br>DETECTIVE G. PON;<br>OFFICER J. LUNA;<br>OFFICER K. DEBLASI;<br>OFFICER J. LOUIS;<br>OFFICER F. R. ONCIANO;<br>CITY OF BERKELEY,<br>a public entity;<br><br>Defendants. | NO. C 07-02788 JCS<br><br>FIRST AMENDED<br>COMPLAINT FOR DAMAGES<br><br>(Violation of Civil Rights;<br>Loss of Consortium; Assault and Battery;<br>Contemporaneous Experience of Injury) |

**FIRST CAUSE OF ACTION**

AS AND FOR A FIRST CAUSE OF ACTION FOR VIOLATION OF CIVIL RIGHTS AGAINST ALL DEFENDANTS, PLAINTIFFS ALLEGE:

1. Plaintiffs FRANK CISNEROS, BEATRICE CISNEROS, and KASI CISNEROS are, and at all times mentioned in this Complaint were, residents of the County of

1        Complaint for Damages

Alameda, State of California.

2.    Plaintiffs are informed and believe, and on that basis allege, that defendants SERGEANT T. CURTIN, DETECTIVE G. PON, OFFICER J. LUNA, OFFICER K. DEBLASI, OFFICER J. LOUIS and OFFICER F. R. ONCIANO are, and at all times mentioned in this Complaint were, police officers employed by the CITY OF BERKELEY and were residents of the State of California.

3.    Plaintiff is informed and believes, and on that basis alleges, that defendant CITY OF BERKELEY is a public entity authorized to and doing business in the City of Berkeley, County of Alameda, State of California.

4.    Each and every reference in this Complaint to "defendants" shall be deemed to refer to each and all defendants unless a specific defendant is named or the context otherwise requires.

5.    Plaintiffs are informed and believe, and on that basis allege, that at all times referred to in this Complaint each defendant was the agent and/or employee of each other defendant and was acting in the course and scope of that agency and/or employment.

6.    Plaintiffs are informed and believe, and on that basis allege, that at all times relevant to this Complaint defendant CITY OF BERKELEY operated, controlled and maintained a police force, commonly known as the Berkeley Police Department.

7.    On April 20, 2005, plaintiffs resided at 23358 Jorgensen Lane in the City of Hayward, County of Alameda, State of California.

8. On April 20, 2005, members of the Berkeley Police Department, including defendants SERGEANT T. CURTIN, DETECTIVE G. PON, OFFICER J. LUNA, OFFICER K. DEBLASI, OFFICER J. LOUIS and OFFICER F. R. ONCIANO, came on to plaintiffs' property, allegedly while in attempting to locate a suspect who in fact did not reside at the residence located at 23358 Jorgensen Lane, Hayward, California, and who was not present at plaintiff's residence on that date.

9. Plaintiffs KASI CISNEROS and BEATRICE CISNEROS were lawfully at their residence at the time members of the Berkeley Police Department came on to plaintiff's property on April 20, 2005.

10. A dog owned by plaintiffs, named Rocky, was also in the 23358 Jorgensen Lane, Hayward, California, residence at the time members of the Berkeley Police Department, including defendants SERGEANT T. CURTIN, DETECTIVE G. PON, OFFICER J. LUNA, OFFICER K. DEBLASI, OFFICER J. LOUIS and OFFICER F. R. ONCIANO, came on to plaintiffs' property.

11. Plaintiffs are informed and believe, and on that basis allege, that members of the Berkeley Police Department, including defendants SERGEANT T. CURTIN, DETECTIVE G. PON, OFFICER J. LUNA, OFFICER K. DEBLASI, OFFICER J. LOUIS and OFFICER F. R. ONCIANO, were aware of the fact that Rocky resided at the 23358 Jorgensen Lane, Hayward, California, premises prior to their arrival.

12. Plaintiffs are informed and believe, and on that basis allege, that no exigent circumstances existed for the attempted execution of the search warrant by defendants,

3    Complaint for Damages

including defendants SERGEANT T. CURTIN, DETECTIVE G. PON, OFFICER J. LUNA, OFFICER K. DEBLASI, OFFICER J. LOUIS and OFFICER F. R. ONCIANO, and other officers and agents of the Berkeley Police Department. Despite that, defendants, including defendants SERGEANT T. CURTIN, DETECTIVE G. PON, OFFICER J. LUNA, OFFICER K. DEBLASI, OFFICER J. LOUIS AND OFFICER F. R. ONCIANO, and other officers and agents of the Berkeley Police Department came on to the property in an attempt to execute the search warrant without knowing the exact whereabouts of the dog, Rocky, and without having developed a realistic plan for controlling the dog.

13. When defendants, including defendants SERGEANT T. CURTIN, DETECTIVE G. PON, OFFICER J. LUNA, OFFICER K. DEBLASI, OFFICER J. LOUIS AND OFFICER F. R. ONCIANO, and other employees and agents of the Berkeley Police Department came on to plaintiffs' property on April 20, 2005, their conduct constituted unreasonable conduct in the execution of a search warrant, subjecting plaintiffs to an unreasonable search and seizure in that, among other actions, 1) defendants, including defendants SERGEANT T. CURTIN, DETECTIVE G. PON, OFFICER J. LUNA, OFFICER K. DEBLASI, OFFICER J. LOUIS AND OFFICER F. R. ONCIANO, and other employees and agents of the Berkeley Police Department, discharged a fire arm in close proximity to plaintiffs KASI CISNEROS and BEATRICE CISNEROS without provocation, 2) defendants, including defendants SERGEANT T. CURTIN, DETECTIVE G. PON, OFFICER J. LUNA, OFFICER K. DEBLASI, OFFICER J. LOUIS AND OFFICER F. R. ONCIANO, and other employees and agents of the Berkeley Police Department shot and killed plaintiff's dog, Rocky, without provocation, 3) defendants, including defendants SERGEANT T. CURTIN, DETECTIVE G. PON, OFFICER J. LUNA, OFFICER K. DEBLASI, OFFICER J. LOUIS AND OFFICER F. R. ONCIANO, and other employees and agents of the Berkeley Police Department forced plaintiffs to the ground and verbally and physically threatened plaintiffs and 4) defendants,

1  including defendants SERGEANT T. CURTIN, DETECTIVE G. PON, OFFICER J. LUNA,
2  OFFICER K. DEBLASI, OFFICER J. LOUIS AND OFFICER F. R. ONCIANO, and other
3  employees and agents of the Berkeley Police Department, entered the property and conducted
4  the search and seizure without probable cause.

6      14. The conduct of defendants, including defendants SERGEANT T. CURTIN,
7  DETECTIVE G. PON, OFFICER J. LUNA, OFFICER K. DEBLASI, OFFICER J. LOUIS
8  AND OFFICER F. R. ONCIANO, and other employees and agents of the Berkeley Police
9  Department was undertaken and completed under color of law and was a substantial factor in
10 causing harm to each plaintiff. Defendants' conduct caused each plaintiff to suffer the serious
11 and permanent injuries set out elsewhere in this complaint.

13     15. As a direct and proximate result of defendants' conduct, plaintiff KASI
14 CISNEROS suffered personal injuries, including shock, mental anguish, mental and physical
15 pain and suffering, and other injuries, all to her general damage in an amount in excess of the
16 jurisdictional requirements of this Court.

18     16. As a direct and proximate result of defendants' conduct, plaintiff BEATRICE
19 CISNEROS suffered personal injuries, including shock, mental anguish, mental and physical
20 pain and suffering, and other injuries, all to her general damage in an amount in excess of the
21 jurisdictional requirements of this Court.

23     17. As a direct and proximate result of defendants' conduct, plaintiff FRANK
24 CISNEROS suffered personal injuries, including shock, mental anguish, mental and physical
25 pain and suffering, and other injuries, all to his general damage in an amount in excess of the
26 jurisdictional requirements of this Court.

18. As a further direct and proximate result of defendants' conduct, each plaintiff was required to and did employ physicians and surgeons to examine, treat and care for each plaintiff and did incur medical and related expenses in a presently unascertained amount. Plaintiffs are informed and believe, and on that basis allege, that each plaintiff may be required to incur additional medical and related expenses in the future in a presently unascertained amount. Plaintiffs will amend this Complaint to insert the amount of each plaintiff's medical and related expenses when that amount has been ascertained.

19. As a further direct and proximate result of defendants' conduct, plaintiffs suffered damage to their home and the loss of their dog, Rocky.

20. Each plaintiff filed a Claim for Damages with defendant CITY OF BERKELEY on or about October 20, 2005. Defendant CITY OF BERKELEY rejected each plaintiff's claim on May 10, 2006.

21. As a further direct and proximate result of defendants' conduct, and in addition to other allowable damages, plaintiffs seek to recover reasonable attorneys fees, as allowed by law.

**SECOND CAUSE OF ACTION**

AS AND FOR A SECOND CAUSE OF ACTION FOR USE OF EXCESSIVE FORCE AGAINST ALL DEFENDANTS, PLAINTIFFS ALLEGE:

22. Plaintiffs incorporate paragraphs 1 through and including 21 of this Complaint into this Second Cause of Action.

6    Complaint for Damages

23. During the course of their actions in attempting to execute a search warrant at plaintiffs' property on April 20, 2005, defendants, their employees and agents used excessive force while in the performance of their official duties, engaging in such acts as discharging a weapon without cause, forcing plaintiffs to the ground and verbally threatening plaintiffs, among other acts involving excessive force. These acts of excessive force were undertaken even though plaintiffs were compliant with the officers' requests and despite the fact that such force was not necessary under the circumstances. Defendants' conduct caused each plaintiff to suffer the serious and permanent injuries set out elsewhere in this complaint

24. Plaintiffs had not committed a crime, nor had plaintiffs engaged in any activity prior to the action of defendants, their employees and agents to warrant search, seizure, detention or arrest by defendants, their employees and agents. Plaintiffs posed no threat to the officers or to others at the time of their actions and plaintiffs did not resist the officers at the time of their inappropriate actions

### THIRD CAUSE OF ACTION

AS AND FOR A THIRD CAUSE OF ACTION FOR ASSAULT AND BATTERY AGAINST ALL DEFENDANTS, PLAINTIFFS KASI CISNEROS AND BEATRICE CISNEROS ALLEGE:

25. Plaintiffs KASI CISNEROS and BEATRICE CISNEROS incorporate paragraphs 1 through and including 24 of this Complaint into this Third Cause of Action.

26. The conduct described in this Complaint of the defendants, their employees and agents who were employed, trained and controlled by defendants constituted an assault and

7         Complaint for Damages

battery in that the police officers intentionally touched plaintiffs or caused plaintiffs to be touched by other police officers, with the police officers using unreasonable force to detain plaintiffs without the consent of plaintiffs, including the discharge of a fire arm, thereby causing injury to plaintiffs KASI CISNEROS and BEATRICE CISNEROS as set out elsewhere in this Complaint.

## FOURTH CAUSE OF ACTION

AS AND FOR A FOURTH CAUSE OF ACTION FOR LOSS OF CONSORTIUM AGAINST ALL DEFENDANTS, PLAINTIFF FRANK CISNEROS ALLEGES:

27.   Plaintiff FRANK CISNEROS incorporates Paragraphs 1 through and including 26 of this Complaint into this Second Cause of Action.

28.   Plaintiffs FRANK CISNEROS is, and at all times relevant to this Complaint has been, the spouse of plaintiff KASI CISNEROS.

29.   As a direct and proximate result of the conduct of the defendants in bringing about the injuries suffered by plaintiff KASI CISNEROS. plaintiff FRANK CISNEROS has suffered interference with his marital relationship with plaintiff KASI CISNEROS, all to his damage in an amount in excess of the jurisdictional requirements of this Court.

## FIFTH CAUSE OF ACTION

AS AND FOR A FIFTH CAUSE OF ACTION FOR CONTEMPORANEOUS EXPERIENCE OF INJURY TO A CLOSE FAMILY MEMBER AGAINST ALL DEFENDANTS, PLAINTIFF KASI CISNEROS ALLEGES:

30.  Plaintiff KASI CISNEROS incorporates paragraphs 1 through and including 29 of this Complaint into this Third Cause of Action.

31.  Plaintiff KASI CISNEROS was present at plaintiff's residence along with plaintiff BEATRICE CISNEROS and other close family members at the time of the incident giving rise to this complaint. Plaintiffs KASI CISNEROS is the daughter in-law of plaintiff BEATRICE CISNEROS.

32.  Plaintiff KASI CISNEROS observed the injuries to plaintiff BEATRICE CISNEROS and other close family members as they were inflicted in the incident giving rise to this action.

33.  As a result of the contemporaneous experience of the injuries to her mother in-law and other close family members, plaintiff KASI CISNEROS has suffered physical and mental pain and suffering, shock, and other injuries, all to her damage in an amount in excess of the jurisdictional requirements of this Court.

### SIXTH CAUSE OF ACTION

**AS AND FOR A SIXTH CAUSE OF ACTION FOR CONTEMPORANEOUS EXPERIENCE OF INJURY TO A CLOSE FAMILY MEMBER AGAINST ALL DEFENDANTS, PLAINTIFF BEATRICE CISNEROS ALLEGES:**

34.  Plaintiff BEATRICE CISNEROS incorporates paragraphs 1 through and including 33 of this Complaint into this Fourth Cause of Action.

9         Complaint for Damages

1 | 35. Plaintiff BEATRICE CISNEROS was present at plaintiff's residence along with plaintiff KASI CISNEROS and other close family members at the time of the incident giving rise to this complaint. Plaintiff BEATRICE CISNEROS is the mother in-law of plaintiff KASI CISNEROS.

36. Plaintiff BEATRICE CISNEROS observed the injuries to plaintiff KASI CISNEROS and other close family members as they were inflicted in the incident giving rise to this action.

37. As a result of the contemporaneous experience of the injuries to her daughter-in-law and other close family members, plaintiff BEATRICE CISNEROS has suffered physical and mental pain and suffering, shock, and other injuries, all to her damage in an amount in excess of the jurisdictional requirements of this Court.

WHEREFORE, plaintiffs pray for judgment against the defendants, and each of them, as follows:

1. General damages according to proof;
2. Special damages according to proof;
3. Interest at the legal rate;
4. Reasonable attorneys fees as allowed by law;
5. Costs of suit; and
6. Such other and further relief as this Court deems just and proper.

DATED: 8/30/07

LAW OFFICES OF JOHN E. HILL
A PROFESSIONAL CORPORATION

By: _____
JOHN E. HILL
Attorneys for Plaintiffs

10    Complaint for Damages